OPINION
{¶ 1} Defendant-Appellant, Jan Jones, appeals a judgment of the Marysville Municipal Court, Small Claims Division, granting Plaintiff-Appellee's, Keystone Companies Internal ("Keystone"), complaint for the nonpayment of an invoice dated May of 2003. On appeal, Jones contends that the trial court's judgment should be reversed because the judgment entry attempts to negate a prior contract between herself and Keystone. Jones also asserts that the trial court ignored the existence of certain imputed knowledge and that the trial court's judgment was not bona fide. Because Jones did not file an objection to the magistrate's decision, all errors are waived pursuant to Civ. R. 53(E)(2)(d). Accordingly, the court's judgment is affirmed.
 {¶ 2} In May of 2003, Keystone was contacted by Jones to repair a leak in the roof of her building located at 123 North Main Street, Marysville, Ohio. On the day that Keystone came to look at the roof, temporary repairs were made. Keystone later returned to complete the repairs. For their work, Keystone sent Jones an invoice totaling one thousand four hundred ninety-eight dollars and eighty cents. Upon receiving Keystone's invoice, Jones again contacted Keystone, notifying them she would not pay the May invoice because she believed the repairs were covered under a previous Keystone warranty.
 {¶ 3} In July of 2003, in an attempt to make collection on the invoice, Keystone sent Jones a second invoice, reducing the amount owed to one thousand seventy-eight dollars and eighty cents. Again, Jones refused to make payment.
 {¶ 4} In August of 2003, Keystone filed the present action in the Marysville Municipal Court, Small Claims Division. In December of 2003, a hearing was held before a magistrate. At the hearing, Jones, acting pro se, testified that she had refused to pay for the May repairs because she believed the repairs were covered under a previous warranty. According to Jones, in June of 2002, Keystone had sealed her roof and, at the time of those repairs, Keystone gave Jones a two year warranty on labor and a ten year warranty on materials. Jones stated that it was the 2002 warranty that she believed the May repairs to be covered under.
 {¶ 5} Bill Jarvis testified on behalf of Keystone. According to Jarvis, at the time of the 2002 repairs, Keystone was in the process of replacing the entire roof of the building adjoining Jones' 123 North Main Street location. Jarvis stated that Keystone offered to replace Jones' roof at that time, warning her that her roof was in need of such repairs. Jarvis stated that Jones ultimately decided only to have the existing roof sealed, without having the roof fully replaced. According to Jarvis, the seal coating would help to prolong the existing roof's life; however, the seal would not protect against the continuing structural deterioration of that roof. Additionally, Jarvis testified that the seal coating did not change the fact that the roof still needed to be replaced. Jarvis also testified that the replacement cost of the roof was eighteen thousand dollars and that Jones had only paid sixteen hundred dollars for the seal coating.
 {¶ 6} Jarvis went on to testify that the 2003 repairs were not included under the 2002 warranty, because the 2003 repairs were not within the scope of that warranty. According to Jarvis, the leak was the result of the preexisting roof's failure and was not caused by the seal coating. Jarvis also testified that in 2002, Keystone did not fix any leaks.
 {¶ 7} Following the presentation of all evidence, the magistrate found that the 2003 repairs were outside the scope of the 2002 warranty. Accordingly, the magistrate filed a magistrate's decision in favor of Keystone for the amount of one thousand seventy-eight dollars and eighty cents plus interest. No objections were filed to the magistrate's decision, and, subsequently, the trial court adopted the magistrate's decision. It is from this judgment that Jones appeals, presenting the following assignments of error for our review:
 Assignment of Error No. 1 Contract Violation Assignment of Error No. 2 Mistake of Law Assignment of Error No. 3 Imputed Knowledge Assignment of Error No. 4 Non Bona Fide {¶ 8} In Jones' assignments of error, she asserts that the trial court's judgment should be reversed because the judgment attempts to negate the prior contract between herself and Keystone. Jones also asserts that the trial court ignored the existence of certain imputed knowledge and that trial court's judgment was not bona fide.
 {¶ 9} Civ.R. 53(E)(3)(a) requires objections to the magistrate's decision be filed within fourteen days of the decision. If a party fails to make written, specific objections within fourteen days of the filing of the magistrate's order, the trial court may proceed to adopt, reject, or modify the magistrate's decision. Civ.R. 53(E)(4)(b). Moreover, "a party may not assign as error on appeal the court's adoption of any finding of fact or conclusion of law" contained in the magistrate's decision unless it was properly objected to within the fourteen day period. Civ.R. 53(E)(3)(d).
 {¶ 10} In the case sub judice, Jones did not file any objections to the magistrate's decision. Accordingly, because an objection to the magistrate's decision was not filed, the trial court was entitled to adopt the magistrate's decision, which it did, and, pursuant to Civ.R. 53(E)(3)(d), Jones may not assign as error on appeal to this court those portions of the magistrate's decision that the trial court adopted. Thus, Jones' assignments of error are not properly before this court and must be overruled.
 {¶ 11} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp and Bryant, JJ., concur.